[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13638
Non-Argument Calendar

_____

D. C. Docket No. 02-00212-CR-1-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD ALPHONSE JOYNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 29, 2006)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Gerald Alphonse Joyner appeals his 24-month sentence imposed for

violating the terms of his supervised release. After review, we affirm.

## I. BACKGROUND

Joyner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 27 months' imprisonment, to be followed by three years' supervised release. As a condition of his supervised release, Joyner was to refrain from excessive use of alcohol and prohibited from purchasing, possessing or using a controlled substance. Joyner was also required to participate in alcohol and drug testing and a treatment program.

After serving his prison term, Joyner began his supervised release on March 7, 2005. Joyner repeatedly tested positive for either cocaine or ethanol. After Joyner admitted to his probation officer that he had used cocaine, Joyner was placed in a substance abuse program. When he again tested positive for ethanol on three occasions, Joyner agreed to participate in a 90-day residential treatment program. After completing the 90-day program, however, Joyner again tested positive for cocaine and admitted that, because he had expected a positive urinalysis, he had substituted someone else's urine for his own. Joyner's probation officer petitioned the district court for revocation of Joyner's supervised release.

At the revocation hearing, Joyner admitted his violations and to having a "drug problem." Based on his Grade C violations and a criminal history category

of IV, Joyner's advisory Chapter 7 guidelines range was 6 to 12 months' imprisonment. See U.S.S.G. § 7B1.4(a). The statutory maximum term of imprisonment was two years. See 18 U.S.C. § 3583(3)(3). Joyner requested that he be sentenced to 6 months' community confinement at a halfway house so that he could receive drug treatment and maintain his ability to work. The government made no recommendation as to sentence, but requested that Joyner not be put on supervised release following his term of imprisonment because it believed Joyner would be unable to comply with the terms of supervised release.

In sentencing Joyner, the district court expressly noted that it had "considered the sentencing guidelines" as well as "Joyner's background and history," and that, "[b]ased on his extensive criminal history and his unwillingness to abide by the conditions of probation," a guideline range sentence was not appropriate. The district court further explained that Joyner had been using drugs even after being permitted to participate in the 90-day drug program. Furthermore, the court found that Joyner failed to "comply[] with the orders and directives of the probation office," and instead "actually attempt[ed] to deceive" the office. Based on the above, the district court sentenced Joyner to 24 months' imprisonment, with an evaluation for potential drug abuse and participation in a treatment program if necessary. Joyner objected to the sentence as unreasonable, but the court disagreed

based on its evaluation of "all the circumstances." This appeal followed.

## II. DISCUSSION

On appeal, Joyner argues that the district court failed to consider the factors in 18 U.S.C. § 3553(a) in imposing his sentence and that, had the district court properly considered the § 3553(a) factors, it would have concluded that confinement in a community halfway house for drug treatment was the most appropriate punishment under these circumstances.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we review a sentence imposed upon revocation of supervised release for reasonableness in light of the factors in § 3553(a). United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We have concluded that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, an indication that the district court has considered a defendant's arguments and the § 3553(a) factors is sufficient. Id. at 1330.

Here, the district court did not explicitly mention the § 3553(a) factors. However, the arguments of the parties before the district court and the district court's stated reasons for imposing a sentence above the guidelines range implicate

4

several § 3553(a) factors. Specifically, the district court explicitly considered Joyner's background, criminal history and drug problem, his past unwillingness to abide by the conditions of probation and his attempts to deceive the probation office by substituting someone else's urine sample. In other words, the district court considered the history and characteristics of the defendant, the circumstances of offense and the need for medical treatment and deterrence. See 18 U.S.C. § 3553(a)(1), (2)(B), (2)(D). Furthermore, we cannot say that Joyner's 24-month sentence was unreasonable under the factual circumstances of this case.

**AFFIRMED.**